IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSIE LEE FARMER, JR.                                                                   PLAINTIFF

v.                             Civil No. 6:20-cv-06016

CAPTAIN JOHNSON; SERGEANT MERDOCK;
LIEUTENANT WILLIAMS; and SERGEANT
GALESPIE                                                   DEFENDANTS

## **ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A, the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

### I. BACKGROUND

Plaintiff filed his Complaint on February 21, 2020. (ECF No. 1). On March 5, 2020, Plaintiff's application to proceed *in forma pauperis* was granted. (ECF No. 6). That same day, the Court entered an order directing Plaintiff to file an amended complaint to clarify his claims. (ECF No. 6). On March 13, 2020, Plaintiff filed an Amended Complaint. (ECF No. 11).

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC"), Ouachita River Unit, serving a sentence as a result of a conviction. (ECF No. 11, p. 3). Plaintiff claims he was denied due process and specifically alleges:

> On 2-17-2020, I was called out to get legal mail as I was opening up the mail Sgt Galespi, Sgt Merdock, Lt. Williams, and Cpt. Johnson began acting outside there professional duty by making fun of me and my disabilities of not know how to read and write in front of other inmates….It's embarrassing mentally and causes me excessive stress and is causing me problems of approaching them when I have to pick up legal mail.

(ECF No. 11, p. 5). Plaintiff is suing Defendants in their official capacities only. He describes the custom or policy he believes caused the violation of his rights as "AR 225 Employee Conduct." *Id.* at p. 6. He is seeking compensatory and punitive damages. *Id.* at p. 8.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Plaintiff's official capacity claims against Defendants are barred by sovereign immunity. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). The Defendants in this case are all ADC employees. Thus, Plaintiff's official capacity claims against the Defendants are functionally claims against the ADC. *Id.* The ADC is an Arkansas state agency. *See Fegans v.*

*Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002). States and state agencies are not "persons" subject to suit under § 1983. *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

The Defendants in this case are all employees of the State of Arkansas. As such, the official capacity claims against them for monetary damages are barred by sovereign immunity.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Johnson, Merdock, Williams and Galespie are **DISMISSED WITH PREJUDICE**.

The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is **DIRECTED** to place a § 1915(g) strike flag on the case. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an IFP appeal would not be taken in good faith.

**IT IS SO ORDERED**, this 17th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge